# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 11cr5479WQH |
|---|---|
| Plaintiff, | CASE NO. 12CV2382WQH |
| vs. | ORDER |
| CARLOS MADRIGAL-GALLARDO, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the Motion for time reduction by an inmate in federal custody under 28 U.S.C. § 2255. (ECF No. 40). Defendant moves the court to grant a downward departure on the following grounds: 1) the Attorney General could offer up to two points downward departure if the defendant accepts a final deportation order, and 2) he cannot be housed in a minimum security facility or a Community Correctional Center because of his deportation status. The Court finds that the issues raised in the petition are appropriate for summary disposition.

## APPLICABLE LAW

28 U.S.C. §2255 provides that "A prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum

1  authorized by law, or is otherwise subject to collateral attack, may move the court which
2  imposed the sentence to vacate, set aside or correct the sentence." A district court must
3  summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached
4  exhibits, and the record of prior proceedings that the moving party is not entitled to relief."
5  Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District courts.
6  When this standard is satisfied, neither a hearing nor a response from the government is
7  required. *See Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

## RULING OF THE COURT

9  In this case, the record conclusively shows that the Defendant has waived his right to
10 bring a § 2255 motion. In exchange for the Government's concessions in the plea agreement,
11 the Defendant waived "to the full extent of the law, any right to appeal or to collaterally attack
12 the conviction and any lawful restitution order, except a post-conviction collateral attack based
13 upon a claim of ineffective assistance of counsel. The defendant also waives, to the full extent
14 of the law, any right to appeal or to collaterally attack his sentence, except a post-conviction
15 collateral attack based upon a claim of ineffective assistance of counsel, unless the Court
16 imposes a custodial sentence above the high end of the guideline range recommended by the
17 Government pursuant to this agreement at the time of sentencing, or a mandatory minimum
18 term, if applicable." (ECF No. 27 at 10). This waiver is clear, express and unequivocal. Plea
19 agreements are contractual in nature, and their plain language will generally be enforced if the
20 agreement is clear and unambiguous on its face. *United States v. Jeronimo*, 298 F.3d 1149,
21 1153 (9th Cir. 2005).

22  At the time of sentencing, the Government recommended an adjusted offense level of
23 25 and a resulting guideline range of 57-71 months consistent with the joint recommendation
24 in the plea agreement. (ECF No. 37). The Government recommended a sentence of 57
25 months, the low end of the guideline range. (ECF No. 37). The Court imposed a sentence of
26 51 months. (ECF No. 39 at 2). Pursuant to the terms of the plea agreement, the Defendant
27 waived his right to collaterally attack the sentence imposed.

28  Finally, the Defendant presents no grounds for relief under Section 2255. The

Sentencing Reform Act gives the Bureau of Prisons the responsibility to "designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). *See United States v. Cubillos*, 91 F.3d 1342, 1344-45 (9th Cir. 1996). The Court of Appeals for the Ninth Circuit has rejected the assertion that an alien's equal protection rights are violated when he cannot be housed in a minimum security facility or a community correction center based upon his deportation status. *See McClean v. Crabtree*, 173 F.3d 1176, 1185-86 (9th Cir. 1999). In addition, the United States Attorney General was not required to offer the Defendant a downward departure on the grounds that he accepted a final deportation order.

    IT IS HEREBY ORDERED that the motion for time reduction by an inmate in federal custody under 28 U.S.C. § 2255 (ECF No. 40) filed by the Defendant is denied.

DATED: October 5, 2012

**WILLIAM Q. HAYES**
United States District Judge